IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JESSICA BERG AND ROBERT BERG,** § § | |
| **Plaintiffs,** § § § | |
| v. § | **CIVIL ACTION NO. 4:13-cv-997** |
| § | |
| **BANK OF AMERICA, N.A.,** § | |
| **Defendants.** § | |

### BANK OF AMERICA'S NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("Bank of America"), files this its Notice of Removal.

### I.   INTRODUCTION

On November 14, 2013, Plaintiffs Jessica Berg and Robert Berg ("Plaintiffs") filed their Second (incorrectly identified as "First") Amended Petition and Application for Temporary Restraining Order (the "Amended Petition"). In their Amended Petition, Plaintiffs purport to assert causes of action for (1) filing a false lien; (2) violations of the Texas Debt Claims Practices Act; (3) breach of contract; (4) wrongful foreclosure; and (5) wrongful eviction. Plaintiffs also seek injunctive relief.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by Bank of America are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

### II.   TIMELINESS OF NOTICE OF REMOVAL

1.   Bank of America was served with the current suit on November 22, 2013. Therefore this notice is timely.

### III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.     Complete Diversity Exists.**

2.     Plaintiffs' state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship).

3.     Plaintiffs are citizens of Texas.[1]

4.     Bank of America is a national banking association with its main office in North Carolina as designated in its articles of association.  As a national banking association, Bank of America's citizenship is determined solely by the location of its main office, as designated in its articles of association.[2] Accordingly, Bank of America is a citizen of North Carolina.

5.     Because Plaintiffs are citizens of Texas, and Bank of America is a citizen of North Carolina, complete diversity exists.

**B.     The Amount in Controversy Exceeds $75,000.00.**

6.     Plaintiffs' Amended Petition does not seek a specified amount of monetary relief but rather, seeks injunctive relief to enjoin the foreclosure of the subject property.  As stated recently by the Fifth Circuit Court of Appeals, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[3]  As the Court in *Farkas* noted, this valuation would include "purchase price, market value, or outstanding principal."[4]

---

[1] *See* Plaintiffs' Amended Petition at ¶ 1.
[2] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.
[3] *Farkas v. GMAC Mortgage, L.L.C.*, __ F.3d __,  2013 WL 6231114, at *2 (5th Cir. 2013).
[4] *Id*.

7.   In this instance, the value of the subject property amounts to at least $136,500.00.[5] Therefore, based on the value of the relief sought by Plaintiffs in their Amended Petition, the amount in controversy exceeds $75,000.00.

## IV.   VENUE

8.   Venue for this Removal is proper in the U.S. District Court for the Northern District of Texas, Fort Worth Division because this district and division includes Tarrant County, Texas—the location of the pending state court action.

## V.   ADDITIONAL REQUIREMENTS

9.   Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Tarrant County, Texas.

10.   Plaintiffs did not demand a jury trial in their Amended Petition.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. § 1332, Defendant gives notice that Cause No. 236-262967-12 now pending in the 236th Judicial District Court of Tarrant County, Texas has been removed to this Court.

---

[5] *See* Tarrant County Appraisal District Summary attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Tarrant County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Tarrant County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

469307.1

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

By: */s/ Lorin M. Subar*
**R. DWAYNE DANNER** – Lead Attorney
State Bar No. 00792443
ddanner@mcglinchey.com
**LORIN M. SUBAR**
State Bar No. 19456800
lsubar@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
2711 North Haskell Ave., Suite 2750, LB 38
Telephone: (214) 445-2445
Facsimile: (214) 445-2450
***ATTORNEYS FOR DEFENDANT***
***BANK OF AMERICA, N.A.***

### CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on December 18, 2013 and that I forwarded a copy of same to the following:

*Via CM/RRR*
Michael Brinkley
Brinkley Law PLLC
PO Box 820711
Fort Worth, Texas 76182-0711

*Attorney for Plaintiffs*

*/s/ Lorin M. Subar*
Lorin M. Subar

469307.1