No. 236 262967 12

| | | |
|---|---|---|
| Jessica Berg and Robert Berg, | § | In the District Court |
|    *Plaintiffs,* | § | |
| | § | |
| v. | § | Tarrant County, Texas |
| | § | |
| Bank of America, N. A., | § | |
|    and | § | |
| Barrett Daffin Frappier Turner & Engel, | § | |
| LLP, | § | |
|    *Defendants* | § | 236ᵀᴴ Judicial District |

## PLAINTIFFS' ORIGINAL PETITION
## AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

To the Honorable Judge of Said Court:

    **Jessica Berg** and **Robert Berg** ("Plaintiffs" or "Berg") complain of **Bank of America, N. A.** ("BofA") and **Barrett Daffin Frappier Turner & Engel, LLP**, and filing this their Original Petition for causes of action show:

    1.    <u>Plaintiffs and Discovery Level</u>. Plaintiffs are individuals domiciled and residing at 210 Chasemore Lane, Arlington, Texas 76018, of which address the Plaintiffs hereby advise the Clerk of this Court for purposes of compliance with Texas Civil Practice & Remedies Code Chapter 30. Supplied only for purposes of compliance with Texas Civil Practice & Remedies Code §30.014, the last three digits of the named Plaintiffs' Texas driver's license numbers are _____ and _____, and the last three digits of the named Plaintiffs' Social Security Numbers are _____ and _____. Plaintiffs affirmatively plead that discovery should be conducted in accordance with a Level Three discovery control plan under Texas Civil Procedure Rule 190.4.

    2.    <u>Defendants; Service</u>. Defendant **Bank of America, N. A.** ("BofA"), is a national banking association doing business in Texas, which may be served through any of its executive officers in Texas or wherever they may be found. Defendant **Barrett Daffin Frappier Turner & Engel, LLP** ("BDFTE") is a Texas limited liability partnership doing business in Texas, and may be served through its partner or managing partner at 15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001.

    3.    <u>Jurisdiction and Venue</u>. Jurisdiction is proper because this Court is one of general jurisdiction, because each Plaintiff resides and is domiciled in Tarrant County, Texas, each Defendant has sought to do business or has done business in Texas and Tarrant County, and the relief sought is within the Court's monetary and subject matter jurisdiction and other authority granted by statute. Venue is proper because the real property transactions which give rise to this lawsuit involve the acquisition and sale of interests in real property situated in Tarrant County, Texas, and the relief sought involves

<u>PLAINTIFFS' ORIGINAL PETITION</u>

**EXHIBIT**

A-2

primarily real property in Tarrant County, Texas, specifically described as Lot 4, Block 3, VILLAGES OF FAIRFIELD, SECTION ONE, an Addition to the City of Arlington, Tarrant County, Texas, according to the map or plat thereof recorded in Cabinet A, Slide 998, of the Plat Records of Tarrant County, Texas, and known locally as 210 Chasemore Lane, Arlington, Texas 76018 (the "Property"). Each Plaintiff is a "consumer" as defined by Texas Finance Code §392.001(1). Defendants hold themselves out to be in the business of collecting consumer debts in this jurisdiction. Defendants are each a "debt collector" as defined by Texas Finance Code §392.001(5). Each Plaintiff is a "consumer" as defined by Texas Finance Code §392.001(1) and the Loan as defined below is a "consumer debt" as defined by Texas Finance Code §392.001(2). Defendants hold themselves out to be in the business of collecting consumer debts in this jurisdiction. Defendants are each a "debt collector" as defined by Texas Finance Code §392.001(6), and one or more Defendants may (in discovery) prove to be a "third party debt collector" as defined by Texas Finance Code §392.001(7).

4.    Mortgage Transaction.  An examination of the public record available in the Official Public Records of the County Clerk of Tarrant County, the Comptroller of the Currency and otherwise discloses:

A.    The transaction ("Loan") at the root of this case was closed on or about June 26, 2008 ("Closing"), whereupon Defendants executed a Note in the original principal amount of $139,200 ("Note") and a Deed of Trust (hereinafter "Security Instrument" or "Deed of Trust") naming BofA, as Lender and beneficiary, covering the Property, and appointing PRLAP, Inc. as the sole trustee thereunder. The Deed of Trust as above described, recorded as Document D208253521 in the Official Public Records of the Clerk of Tarrant County, Texas (all such references hereinafter are to such Records, unless otherwise specified).

B.    Notice of acceleration and Notice of Substitute Trustee's Sale given by substitute trustees purporting to have been appointed by or for BofA.

C.    Appointment of Substitute Trustee ("Appointment") dated January 30, 2010 but apparently executed February 19, 2010, of record March 10, 2010 as Document D210052650. The Appointment was executed by Stephen C. Porter, claiming to act as attorney in fact for BofA, and appointed, *inter alia*, T. Ross, the signer of the Substitute Trustee's Deed and one of the persons on behalf of whom the Notice of Substitute Trustee's Sale was given to Plaintiffs by BofA. Stephen C. Porter is a partner in Defendant BDFTE, and acting as such when he signed the Appointment. However, **no power(s) of attorney with sufficient specificity** to support the Appointment appears of record to be of record authorizing acts on behalf of BofA by Stephen C. Porter as herein identified. Texas Probate Code §489 requires that any power of attorney authorizing execution of a recordable instrument affecting real property must be recorded. Texas law should generally accord with the holding of *In Re Wells*, 407 B.R. 873; 2009 Bankr. LEXIS 1378; 69 U.C.C. Rep. Serv. 2d (Callaghan) 382 (Bankr.

N.D. Ohio, June 19, 2009), that acts attempted in the absence of a sufficient power of attorney are void. The only power of attorney which can be located of record purportedly involving BofA and Stephen C. Porter is of record as Document D205289097, and was executed by Suzanne M. Haumesser, as senior vice president, but says it is executed on behalf of "Bank of America, N. A. (BOA), a corporation organized and existing under the laws of Delaware with its principal office located at 475 Crosspoint Parkway, Getzville, New York, 14068." The available records of the Comptroller of the Currency, which regulates national banking associations, shows that BofA is not a corporation, not organized under the laws of Delaware, and has never had its principal office at the referenced address.

D.    Substitute Trustee's Deed dated August 3, 2010 ("Trustee's Deed") of record August 10, 2010 as Document D210193144, by T. Ross as substitute trustee to BofA as grantee.

Thus T. Ross was not a duly appointed substitute trustee at the time such person gave notice of acceleration and the August 3, 2010 sale, nor when such person executed the Trustee's Deed, which deed is therefore void, should be set aside, and cannot support a forcible detainer action by BofA against Plaintiffs. As set forth in the foregoing, there is no authority of record for the substitute trustees to have threatened and/or to conduct a trustee's sale of the Property on August 3, 2010 or otherwise, or to issue any deed thereafter. Capacity to effect a nonjudicial foreclosure sale is no less important than standing to seek to effect a judicial foreclosure sale, and without proper capacity on the part of the trustee to effect such sale, no Defendant nor any third party can claim to be a good faith purchaser of the Property at the August 3, 2010 substitute trustee's sale, or thereafter through any party. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341; 1976 Tex. LEXIS 189 *5; 19 Tex.Sup.J. 154 (Tex. 1976).[1] Defendants' and the substitute trustees' status (or lack thereof) with respect to the Loan at each critical time should be definitively adjudicated by this Court, and any trustee sale effected set aside.

5.    **Fraudulent Lien Instrument**. The Appointment detailed above was executed, on information and belief, by a person lacking authority from BofA to so execute it upon the terms and dates indicated thereon. The Appointment was intentionally and knowingly executed by the signer thereof, and each such signer would have known of the absence of a sufficient recorded power of attorney to support the signer's act. The Appointment was executed by Stephen C. Porter, a partner in Defendant BDFTE, who would have known of the absence of proper authorization by BofA for him to act in his referenced capacity therein. Hence, there was in each instance an attempted appointment of substitute trustees without authority because of the lack of capacity for the execution of the Appointment, and thus in the Appointment instrument an appointment made without authority. The Appointment was

---

[1] "It has been held that a purGMACr under a power at a foreclosure sale obtains only such title as the trustee had authority to convey. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671 (1942); *Ford v. Emerich*, 343 S.W.2d 527 (Tex.Civ.App. 1961, dism. w.o.j.); [**6] *Bowman v. Oakley*, 212 S.W. 549 (Tex.Civ.App. 1919, writ ref'd)."

thus fraudulent as to Plaintiffs. On information and belief, Defendants knew or reasonably should have known of the absence of proper authority for execution of the Appointment. Plaintiffs therefore sue for their statutory and actual damages and fees and costs as recoverable under Texas Government Code §§12.001 *et seq.* against Defendants severally, until such time as responsibility may be properly apportioned for the acts involved in creation and recording of the Appointment. The Appointment filed in the Official Public Records of the Clerk of Tarrant County constitutes a fraudulent lien claim. The Appointment was and is void because it was executed by a person without authority. Defendants intended that the Appointment be given the same effect as a lawfully executed instrument, and the execution and filing of the Appointment was done for the purpose of harming Plaintiffs. There was, essentially, a scheme on the part of Defendants to disregard lawful processes for execution and recording of the Appointment, through which scheme such Defendants sought to profit. These acts of such Defendants' employee(s) were not an inadvertent failure to comply with a duty, but rather an intentional act, done knowingly with the specific intent that the consequences of such signer's action be brought to fruition, for the benefit of one or more such Defendants. Thus such Defendants caused a fraudulent document to be filed in the public records maintained by the County Clerk of Tarrant County, Texas. In the commission of the acts herein set forth, Defendants acted in violation of Texas Civil Practice & Remedies Code §12.002 *et seq*, and Plaintiffs are entitled to their statutory and actual damages under such statute, in addition to judgment for their reasonable and necessary attorney's fees and costs of suit, for all of which Plaintiffs now sue such Defendants.

6.    **Texas Debt Collection Act**.  The actions of Defendant BofA in threatening and/or effecting a substitute trustee's sale of the Property and thereafter in prosecuting a forcible detainer action were in each instance violations of the TDCA including, but not limited to:

a.    In violation of Tex. Fin. Code §392.301(a)(8), the Defendant BofA threatened to take and/or did take several actions prohibited by law, in that:

(1)    Upon information and belief, Defendant BofA failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §§51.002(d);

(2)    likewise, Defendant BofA gave one or more notices that failed to comply with the requirements of Texas Property Code §§51.002(b), including because of the lack of capacity to give such notice(s) at the time each such notice was given;

(3)    Defendant misrepresented the status of a debt, namely the Loan, in a judicial proceeding, described as (a) Cause No.JP07-12-E00066835 and thereafter in County Court at Law 1, (b) Cause No. JP07-12-E00065373 and thereafter in County Court at Law 1, in each case styled with BofA as plaintiff and Plaintiffs as defendants.

b.    Under Tex. Fin. Code §392.403, the Defendant BofA's violations of the TDCA render said Defendant liable to Plaintiffs for statutory damages, injunctive relief,

costs and reasonable attorney's fees.

The acts of Defendant BofA (a) were debt collection activities, and (b) were in violation of and actionable under TDCA because they were actions taken that were prohibited by law. *Biggers v. BofA Home Loans Servicing, LP*, 2011 WL 588059, 2011 U.S. Dist. LEXIS 13104 (N.. D. Tex. 2011). Plaintiffs should be granted their actual damages, statutory damages, costs and reasonable attorney's fees for enforcement of her claims against said Defendant under TDCA.

7.    <u>Damages and Costs</u>.  Plaintiffs seek all statutory damages, including double or treble damages, which are awardable to them under each and every of the herein cited statutes and/or constitutional provisions. Plaintiffs also sue for their actual damages, and for their reasonable and necessary attorney's fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes into which each such statute may be incorporated, respectively. Plaintiffs' damages are in each respect in excess of the minimum jurisdictional limits of this Court.

8.    <u>Exemplary Damages</u>.  Plaintiffs seek exemplary damages for Defendants' wrongful conduct in violation of state law, which Defendants violated knowingly or with reckless disregard for such law, in an amount to be determined as fair and reasonable by the trier of fact.

9.    <u>Wrongful Foreclosure</u>.  Still urging and relying on all matters set forth elsewhere herein, Plaintiffs would show that Defendants' non-judicial foreclosure was wrongful, and would permit Defendants to perpetuate a course of wrongful conduct that began many months ago and which are at the heart of this dispute. Such sale would be wrongful by virtue of non-compliance with applicable Texas statutory provisions; by virtue of Defendants' violations of TDCA, and at common law. Further, such foreclosure would be wrongful because Plaintiffs would show that Defendant BofA lacks the legal standing to threaten, pursue, conduct and/or bid in at a trustee's sale; without ability to establish the capacity of the substitute trustees at the times of threatening and effecting foreclosure, attempted enforcement of the Security Instrument is improper. Defendants have threatened to wrongfully foreclose and did wrongfully foreclose via substitute trustee's sale on Plaintiff's Property. Plaintiffs ask that the Court find that the threatened foreclosure is wrongful, temporarily restrain and then enjoin any actions taken pursuant thereto, and award Plaintiffs their damages as otherwise detailed herein.

10.    <u>Void Deed</u>.  Any substitute trustee's deed executed pursuant to a substitute trustee's sale of August 3, 2010, any other substitute trustee's sale and any other deed executed by or on behalf of any substitute trustee as to the Property are or would be void because, among other things, Defendants violated the notice requirements of Chapter 51 of the Texas Property Code, and the substitute trustee acting lacks and lacked capacity to notice and conduct such sale. A substitute trustee's sale of August 3, 2010 or other date and/or any Substitute Trustee's Deed issued pursuant thereto should be held void and the substitute trustee's deed filed in the Official Public Records of Tarrant County, Texas, including but not limited to the Substitute Trustee's Deed referenced hereinabove, should be removed

11.    <u>Wrongful Eviction / Need for Injunctive Relief; Threat of Writ of Possession</u>. Defendant BofA brought a forcible detainer action ("FD") through the state courts to obtain possession

of the Property, and obtained one or more writs of possession. Such action was in all respects wrongful and without basis in law, and was pursued until the threat of eviction of Plaintiffs and their personal belongings from the Property is imminent.

12.    Abiding Threat of Writ of Possession; Utilities. Execution is an abiding threat. In conjunction with the writ, Defendant BofA may attempt to interfere with the provision of utility services to the Property, jeopardizing the health and safety of Plaintiffs. Plaintiffs' counsel has been advised by the constable's office that setout is possible at any hour and notice has already been posted.

13.    Wrongful Eviction; Forcible Detainer Based on Wrongful Foreclosure. The pursuit of the forcible detainer action and eviction by Defendant BofA was wrongful from its inception. Plaintiff demonstrates by this pleading and by the exhibits offered in evidence in the courts by Defendant BofA that Defendant BofA lacked appropriate standing to bring suit for forcible detainer, because Defendant BofA was not a bona fide purchaser at the substitute trustee sale or thereafter, being charged with knowledge of the public record involving the Loan, and Defendant BofA's substitute trustees lacked the capacity to threaten and effect the non-judicial foreclosure complained of above.

14.    Lack of Standing to Support Foreclosure, Forcible Detainer, Writ of Possession. Due to the foregoing, Defendant BofA's substitute trustees lack and lacked standing to pursue any foreclosure, hence the Defendant BofA lacked and lacks standing to pursue a forcible detainer claim against Plaintiffs, since the trustee(s) lacked capacity or standing to conduct the trustee's sale which led to the forcible detainer action in the state courts. Thus, any  writ(s) of possession which BofA might now seek to have executed are in furtherance of an unlawful course of conduct.

15.    Imminent Danger of Harm. If Plaintiffs are evicted from the Property and their personal belongings removed therefrom, Plaintiffs will be irreparably harmed without an adequate remedy at law. Therefore, Plaintiffs seek injunctive relief to bar any further transfer of any interest in the Property which is at issue in this suit, and for an order barring further violations of TDCA. The Property has been Plaintiffs' residence homestead, yet Plaintiffs risk being imminently evicted and dispossessed of any interest in the Property as the result of a forcible detainer proceeding wherein Plaintiffs will show that Defendant had no standing or legally sufficient basis for its respective actions in relation to the Property. A substitute trustee's sale, which Plaintiffs can demonstrate is void due to the lack of such capacity or standing on the part of Defendant and/or the substitute trustee(s) who gave notice of and conducted such sale and issued a deed pursuant thereto, is fundamental to the forcible detainer action. Substantial recovery by Plaintiffs is probable, in view of the number and size of the claims they make, the possibility of doubling or tripling of some damages, and their recovery of fees and costs. The risk to Defendants associated with issuance of a temporary restraining order is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Texas Legislature has addressed in numerous statutes.

16.    Injunctive Relief is Appropriate; Plaintiffs Lack an Adequate Remedy at Law. The Fifth Court of Appeals at Dallas, consistent with holdings of the Second Court of Appeals at Fort Worth, has held that injunctive relief is proper, as to enforcement of a writ of possession, to protect the jurisdiction

of a trial court hearing arguments such as Plaintiffs' that go the core of the question of title to the Property. *Guyer v. Rose*, 601 S.W.2d 205, 206 (Tex.Civ.App.– Dallas, 1980). The latter case would appear to be in accord with the more recent holdings of the same court in *Meridien Hotels, Inc. v. LHO Financing Partnership I, L.P.*, 97 S.W.3d 731, 735 (Tex.App.– Dallas, 2003) and *Dass, Inc. v. Smith*, 206 S.W.3d 197, 201 (Tex.App.– Dallas, 2006). Plaintiffs lack an adequate remedy at law.[2] Issuance of a temporary restraining order, and thereafter, of a temporary injunction and/or permanent injunction, is clearly permissible in this instance under Texas precedent. **Injunctive relief is specifically appropriate in a situation like the instant case to bar enforcement of a writ of possession, where there is a bona fide title question affecting residential homestead property.** *Ogden v. Coleman*, 660 S.W.2d 578, 582; 1983 Tex.App. LEXIS 5207 at *7-11 (Tex.App.–Corpus Christi 1983).[3] A suit for wrongful eviction may be maintained even if a forcible detainer suit has been prosecuted to a judgment. *Magcobar N. Amer. v. Grasso Oilfield S.*, 736 S.W.2d 787, 797 (Tex.App–Corpus Christi 1987).

WHEREFORE, Plaintiffs request that on final trial, this court:

a.    Declare that the Defendants' actions violate the TDCA and hence the Texas DTPA;

b.    Enjoin the Defendants' actions which violate the TDCA;

c.    Enter judgment in favor of Plaintiffs for statutory damages, costs, and attorney's fees as provided by Tex. Fin. Code Ann. §§392.403 and 392.404;

d.    Prohibit any further non-judicial foreclosure or forcible detainer proceeding or attempted foreclosure sale or related act by Defendants, their affiliates, agents, successors or assigns, with respect to the Property;

e.    Award Plaintiffs compensatory damages as allowed by law;

f.    Award Plaintiffs exemplary damages as allowed by law;

g.    Award Plaintiffs their reasonable and necessary attorney's fees and costs;

h.    Award Plaintiffs pre-judgment and post-judgment interest as allowed by law;

i.    Issue its order quieting title to the Property in Plaintiffs, and voiding any substitute trustee's deed under Property Code Chapter 22 and/or all other applicable law and removing such deed from the chain of title to the Property;

j.    Enjoin any action to interfere with Plaintiffs' exclusive use and possession of their residential real property homestead (the Property), pending resolution of this case;

---

[2]    Mike Baggett observes in his treatise, *Texas Foreclosure: Law and Practice*, in §11.19: ". . . trial courts routinely determine that the debtor's legal remedies are inadequate." Later, in §11.20: "Generally, the ownership of real property and the threat of interference with such ownership is considered sufficient reason for invoking the equitable powers of a trial court. It is well established that real property is unique. . . .[Debtors] generally have no difficulty in establishing the inadequacy of their available legal remedies."

[3]    ". . . [legal] remedies would not have alleviated the present irreparable harm being suffered . . . the last peaceable noncontested status of the property pending the controversy which was the issue of title was at the time when the appellee was in possession of the property. We hold that no other legal remedy which would have restored that status other than injunction." *Ogden*, id.

k.    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*[signature]*

**Michael Brinkley**
SBN 03004300
P. O. Box 820711
Fort Worth, Texas 76182-0711
888.511.5854 toll-free
817.994.1188 metro
888.511.0946 fax
m@michaelbrinkley.com
Attorney for Plaintiffs

## Certificate of Conference

I attempted to reach Lauren Christoffel of Barrett Daffin Frappier Turner & Engel, LLP, counsel for
Defendant Bank of America, N. A., on November 27, 2012, and was
_____ unable to reach her/him, and left a detailed message regarding the filing of this action and the
request for a temporary restraining order, which message has not been returned;
_____ emailed him/her a detailed message regarding the filing of this action and the request for a
temporary restraining order;
__X__ able to speak with such counsel, and s/he advises me that
_____ Defendant is agreeable to the relief requested;
_____ Defendant takes no position as to the relief requested;
__X__ Defendant is opposed to the relief requested; and
__X__ counsel wishes to be heard when the Court considers the temporary restraining order; *but will be in a meeting essentially all day. MB*
_____ counsel does not wish to be heard when the Court considers the restraining order.

*[signature]*

**Michael Brinkley**

State of Texas, County of Tarrant §
Before me, the undersigned notary public, on this day personally appeared Michael Brinkley, who,

being by me duly sworn on oath deposed and said that he is the attorney for the Plaintiff in the above-styled suit and making this verification under Rule 14, Texas Rules of Civil Procedure; that he has read the above original petition and the portions constituting an application for temporary restraining order; and that every statement of fact contained in the petition that is averred to be within his personal knowledge is such, and is true and correct, except as may be indicated otherwise within the petition; that each representation therein as to the state of the available public record in Tarrant County is as therein stated.

**Michael Brinkley**

Subscribed and sworn to before me on November 27, 2012, to certify which witness my hand and official seal.



Notary Public, State of Texas

CARLA J. BAUER
Notary Public
STATE OF TEXAS
My Comm. Exp. Oct. 24, 2016