

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 30 2014

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JESSICA BERG, ET AL.,           §
                                §
          Plaintiffs,           §
                                §
VS.                             §   NO. 4:13-CV-997-A
                                §
BANK OF AMERICA, N.A.,          §
                                §
          Defendant.            §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to remand filed in the
above action by plaintiffs, Jessica Berg and Robert Berg.
Defendant, Bank of America, N.A., filed a response.  Having
considered all of the parties' filings in this case, as well as
the applicable legal authorities, the court concludes that the
motion should be denied.

I.

Background

Plaintiffs initiated this removed action by the filing of
their original petition and application for temporary restraining
order in the District Court of Tarrant County, Texas, 236th
Judicial District.  Plaintiffs' original petition named as an
additional defendant Barrett Daffin Frappier Turner & Engel, LLP
("Barrett Daffin").  Plaintiffs twice amended their petition in

the state court; prior to the second amendment, they dismissed Barrett Daffin, leaving Bank of America as the sole defendant. Defendant then removed the case on the basis of diversity jurisdiction.

The second amended petition[1] alleges that on or about June 26, 2008, plaintiffs executed a note and deed of trust for the purchase of property in Arlington, Tarrant County, Texas. Although difficult to discern, the petition apparently alleges that defendant wrongfully foreclosed on plaintiffs' property, sold the property at a foreclosure sale, and is now attempting, or soon will attempt, to evict plaintiffs from possession of the property. Plaintiffs prayed for recovery of statutory, compensatory, and punitive damages, pre- and post-judgment interest, as well as declaratory and injunctive relief.

## II.

### The Motion to Remand

Plaintiffs move for remand on three grounds: (1) their claims arise under Texas law, so that Texas, rather than federal law, predominates; (2) the parties are not diverse; and (3) defendant has not established that the amount in controversy

---

[1]The second amended petition, filed November 14, 2013, is incorrectly titled "Plaintiffs' First Amended Original Petition and Application for Temporary Restraining Order." Following removal, the court ordered plaintiffs to file an amended complaint consistent with the Federal Rules of Civil Procedure. The motion to remand relies on the allegations in the second amended petition filed in the state court on November 14, 2013.

exceeds $75,000.  None of the grounds has merit.

III.

<u>Analysis</u>

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction.  The removing party bears the burden of establishing that federal subject matter jurisdiction exists.  <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts about whether removal is proper must be resolved against the exercise of federal jurisdiction.  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for purposes of diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  <u>Manguno</u>, 276 F.3d at 723. When the petition does not make a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>Id.</u>  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."  <u>Farkas v. GMAC Mortg., L.L.C.</u> 737 F.3d 338, 341 (5th Cir. 2013) (citation omitted).

Plaintiffs' first two grounds for remand deserve little

3

consideration.  Plaintiffs first assert that "Texas law claims
not only predominate, but the case involves exclusively claims
under Texas law, without any federal issue."  Mot. to Remand
Removed Action and Incorporated Br. in Supp. ("Mot.") at 1.  The
motion offers no argument or authority to explain this statement,
or why, even if true, remand is required.  As the Fifth Circuit
has observed, "most foreclosure cases are decided by the federal
courts under diversity jurisdiction," and "Texas courts routinely
rely on federal interpretations of Texas law."  Martins v. BAC
Home Loans Servicing, L.P., 722 F.3d 249, 253 n.2 (5th Cir.
2013).  This court is well able to decide cases arising under,
and interpreting, Texas law.  This ground affords plaintiffs no
relief.

Faring no better is the argument that complete diversity of
citizenship is absent.  Plaintiffs in the second amended petition
allege that they are "domiciled and residing" at the property in
Arlington, Texas, leading to a conclusion that they are citizens
of Texas.  They do not contend otherwise in the motion to remand.
A national bank is a citizen of the state where its main office
is located, as set forth in its articles of incorporation.
Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).  Defendant, a
national bank, maintains that it is a citizen of North Carolina,
and plaintiffs have neither alleged nor offered anything in the

4

motion to show otherwise.  Accordingly, complete diversity is present between the parties.

For their third ground, plaintiffs concede that the fair market value of the property is $136,500.00, but contend that the market value is less than the original principal amount on the note, $139,200.00, and they have no equity in the property. Plaintiffs also maintain that the amount in controversy is not satisfied because their state court pleadings do not seek to invalidate defendant's lien, they have made "no statutory or common law claim for any multiple damage[s]," and have made "only a claim for an unspecified amount of exemplary damages" in the second amended petition.  Mot. at 2-3.

Plaintiffs have ignored and misstated the claims asserted in their state court pleadings.  In the second amended petition, plaintiffs ask that the court set aside and void the trustee's deed, restrain and enjoin defendant from enforcing the deed of trust and transferring the property following the foreclosure, prohibit any further attempts by defendant to deprive plaintiffs of their interest in the property, and quiet title to the property in plaintiffs.[2]

---

[2]Although plaintiffs stated in the motion that they have made no claims for multiple damages, that assertion appears to ignore plaintiffs' request in the second amended petition for "all statutory damages, including double or treble damages."  Notice of Removal, Ex. 6 at 6, ¶ 8.

The Fifth Circuit's opinion in <u>Farkas</u> disposes of plaintiffs' argument.  There, as here, the plaintiff sought declaratory and injunctive relief, including a temporary restraining order, to prevent the foreclosure on his properties. 737 F.3d at 341.  Under those circumstances, the court concluded that the value of the property--whether measured by "purchase price, market value, or outstanding principal and interest"-- represented the amount in controversy.  <u>Id.</u>

Here, plaintiffs concede that the value of their property exceeds $75,000.00, and, despite their contentions in the motion to the contrary, their pleadings seek the same relief as in <u>Farkas</u>:  declaratory and injunctive relief, including a temporary restraining order, preventing defendant from transferring the property and protecting plaintiffs' ownership interest therein. Under <u>Farkas</u>, the value of the property establishes the amount in controversy.  Because it is undisputed that the value of the property is at least $136,500.00, the amount in controversy exceeds the jurisdictional minimum.

IV.

<u>Order</u>

Therefore,

The court ORDERS that plaintiffs' motion to remand be, and

6

is hereby, denied.

SIGNED January 30, 2014.

_____
JOHN McBRYDE
United States District Judge